| | |
|---|---|
| **Gary Tsirelman, P.C.**<br>Attorneys and Counselors at Law | |
| Writer's Ext:       105<br>Writer's email:   nbowers@gtmdjd.com<br>Writer Admitted in:   New York; U.S. District Courts, Southern and Eastern Districts of New York | 65 Jay Street, Third Floor<br>Brooklyn, NY 11201<br>718.438-1200<br>Fax: 718.438-8883 (Not For Service)<br>eMail: BKN@gtmdjd.com |

Honorable Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Friday, February 8, 2013

**Re:   GEICO et al. v. Five Boro Psychological Services, P.C. et al.,**
         **Case # 1:12-cv-02448-JG-JO, Letter Motion to Stay Discovery**

Dear Honorable Judge Scanlon:

We write on behalf of Defendants Dr. John R. Braun, Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Service P.L.L.C. (hereinafter "Moving Defendants") in the above-captioned action currently before the Honorable Court to request a stay of discovery pending Judge Gleeson's decision in the pending Motion to Compel Arbitration and to Abstain on this matter.

Under Federal Rule 26(c), a party seeking to stay discovery must show good cause. Fed. R. Civ. P. 26(c). Courts in the Eastern District of New York apply a fact-specific approach to determine whether applicants make such a showing by "look[ing] to the particular circumstances and posture of each case." Josie-Delerme v. Am. Gen. Fin. Corp., 2009 WL 497609, at *1 (E.D.N.Y. 2009) (citing Hachette Distrib., Inc. v. Hudson Cnty. News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991). "Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Josie-Delerme, 2009 WL 497609, at *1 (citing Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) and In re Currency Conversion, 2002 WL 88278, at *1 (S.D.N.Y. Jan.22, 2005)). "Courts also may take into consideration the nature and complexity of the action, [. . .] the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. Id. These factors, taken together, weigh in favor of staying discovery as to the Moving Defendants.

-page 1-

Moving Defendants have made a strong showing that Plaintiff's claims are subject to a valid arbitration clause and therefore must be heard in an arbitral forum. See Def.'s Mot. Compel, ECF No. 35. Furthermore, Judge Gleeson has granted significant portions of such motions in previous cases. See, e.g., Allstate Ins. Co. v. Khaimov, No. 11-cv-2391, 2012 WL 664771 (E.D.N.Y. Feb 29, 2012) and Allstate Ins. Co. v. Lyons, 843 F. Supp. 2d 358 (E.D.N.Y. 2012). Both cases dealt with claims similar to those leveled by GEICO against Moving Defendants; the insurance company plaintiffs claimed that the healthcare provider defendants were not eligible for reimbursement for No-Fault insurance claims. In both of those cases, Judge Gleeson granted the motions to compel arbitration as to any insurance claims which the insurance companies had not yet paid to the defendants. Id. This strongly suggests that Judge Gleeson will again grant Moving Defendants request to arbitrate GEICO's first cause of action regarding Moving Defendants' right to be paid for pending No-Fault insurance claims. See Pls.' Compl. ¶¶101-107, ECF. No. 1.

Moving Defendants also address Judge Gleeson's interpretation of the arbitration statute in the Khaimov and Lyons decisions. Defs.' Mot. Compel at 3-6, ECF No. 35. In both Khaimov and Lyons, Judge Gleeson concluded that N.Y. Insurance Law § 5106(a) and § 5106(b),[1] which govern arbitration legal claims related to No-Fault billing disputes, to not require arbitration when an insurance company seeks affirmative recovery based on alleged fraud. Lyons, 843 F. Supp. 2d at 378. As explained in the Motion to Compel Arbitration, this interpretation is at odds with the rule of the last antecedent that "a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V., 651 F.3d 329, 335 (2d Cir. 2011). Moving Defendants' Motion to Compel addresses this squarely; "subsection (b) extends arbitration to 'any dispute involving the

---

[1] The full text of these sections reads:

> (a) Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.
>
> (b) Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent. Such simplified procedures shall include an expedited eligibility hearing option, when required, to designate the insurer for first party benefits pursuant to subsection (d) of this section. The expedited eligibility hearing option shall be a forum for eligibility disputes only, and shall not include the submission of any particular bill, payment or claim for any specific benefit for adjudication, nor shall it consider any other defense to payment.

insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of [§ 5106].'" Defs.' Mot. Compel at 4. Pursuant to the rule of the last antecedent, "the phrase 'which may arise pursuant to subsection (a)' limits only the immediately preceding phrase – i.e., 'any other matter.'" Id. at 4-5. Moving Defendants have thus made a strong showing that the instant suit ought to be heard in arbitration.

The second factor, the breadth and burden of discovery, also weighs in favor of Moving Defendants. GEICO has already served its discovery demands, attached hereto as Exhibit A. The discovery GEICO demands includes such broad categories "all documents relating to [. . .] any diagnostic interview conducted by any Defendant with any patient, including, but not limited to, notes, progress notes, charts, files, etc." Exhibit A, Pls.' Doc. Req. No. 25. That request alone would lead to the production of tens, if not hundreds, of thousands of documents, and it is only one of eighty-five such requests by GEICO.

Furthermore, the Parties do not yet know what facts and issues will be subject to discovery because Judge Gleeson has indicated that he may order that the instant suit be determined through discovery and trial on a limited number of the No-Fault claims at issue. During oral arguments on the Motion to Compel Arbitration, Judge Gleeson stated that he may order "taking some of these [. . .] claims, picking 15 of them at random [. . .] to target a subset of the thousands of claims [at issue] here, [and] have your discovery[,] [. . .] then we decide them, and maybe those would be bellwether causes of action that might help you dispose of the rest of the case." Transcript of Oral Argument at 41, annexed hereto as Exhibit B. Judge Gleeson further stated that "I don't need [the Parties'] acquiescence in a decision that carves up this case in a way I think manages it more effectively, I may just do it on my own." Id. at 42. Regardless of how Judge Gleeson rules on the Motion to Compel Arbitration, such carving up of the case will significantly affect the issues and facts upon which discovery may be sought. This strongly suggests that discovery should be stayed until the Parties know for certain which parts of the lawsuit will go forward and, critically, on what bases.

Moving Defendants also plan to submit deep discovery request upon GEICO, particularly in relation to a statute of limitations defense. In short, Defendants Five Boro Psychological Services, P.C. and All Boro Psychological Services, P.C., have been billing GEICO for reimbursement under No-Fault law since 2004 and 2005, respectively. However, The Supreme Court of the United States has stated unequivocally that "Civil RICO claims are subject to a four-year statute of limitations." Rotella v. Wood, 529 U.S. 549, 552 (2000). Furthermore, the Second Circuit has adopted a rule allowing for separate accrual when a RICO violation results in a "new and independent" injury. Bankers Trust Co, 859 F.2d at 1103; In re Merrill Lynch Partnerships Litig., 154 F.3d 56, 58 (2d Cir. 1998). "A necessary corollary of the separate accrual rule is that plaintiff may only recover for injuries discovered or discoverable within four years of the time suit is brought." Bingham v. Zolt, 66 F.3d 553, 560 (2d Cir.1995). Here, Plaintiffs allege such separate injuries in the form of payments made to Defendants. See, e.g., Pls.' Compl. ¶113.

GEICO further pleads the equitable tolling doctrine of fraudulent concealment of the alleged RICO scheme. Id. at ¶¶ 90-100. Tolling RICO claims under the doctrine of fraudulent concealment requires that Plaintiffs establish that: "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36-37 (2d Cir. 2002) (quoting Corcoran v. New York Power Auth., 202 F.3d 530, 543 (2d Cir. 1999), cert. denied, 529 U.S. 1109, 146 L. Ed. 2d 794, 120 S. Ct. 1959 (2000)).

Moving Defendants shall thus seek extensive discovery of facts related to GEICO's business practices related to identifying and investigating fraud in order to determine to what extent GEICO exercised due diligence and whether GEICO's injuries (essentially each separate bill submitted by Moving Defendants to GEICO) were discovered or discoverable within four years of when it brought the instant suit. Such discovery will likely require depositions of a number of GEICO's employees and contractors and searching document production as to GEICO's investigations into bills submitted by Moving Defendants. The breadth of such discovery, and the burden of both parties to respond, thus weighs in favor of granting a stay pending a decision in the motion to compel arbitration.

GEICO has made no showing of any prejudice should the stay of discovery be granted. There is no substantial risk that relevant documents would be destroyed, nor that witnesses' memories would fade should discovery be stayed until Judge Gleeson issues a decision. During the initial conference held before Your Honor on January 31, 2013, GEICO's counsel represented that GEICO would be prejudiced because these sorts of No-Fault RICO cases often settle once discovery has commenced. GEICO has neither shown that a delay in discovery in this case would amount to a delay in settlement, nor that a delay in settlement would prejudice GEICO in any significant manner. Such a correlation between settlements and the commencement discovery in similar suggestions may also suggest that plaintiffs use extensive discovery to bludgeon defendants into settling to avoid ever-increasing costs to provide discovery and litigate discovery disputes. Indeed, Moving Defendants seek to defend the current suit in an arbitral forum precisely to avoid such high costs.

The courts in the Eastern district have granted such stays before even absent the special circumstances in the instant suit. For example, Judge Cogan stayed all discovery pending a motion to compel arbitration in the parallel RICO suit Government Employees Insurance Company v. Grand Medical Supply, Inc., Eastern District of New York, 11-CV-5339, during conference on December 13, 2011.

Finally, Moving Defendants wish to file cross, counter and/or third party claims in this action. Moving Defendants cannot determine in what forum to file such claims until the Motion to compel Arbitration has been decided. For example, if Judge Gleeson orders all unpaid claims into arbitration while the rest of the claims remain in federal court, Moving Defendants may consider bringing a countersuit for payment upon those claims in the arbitral forum.

Additionally, should Judge Gleeson carve up the case, Moving Defendants may limit the scope of their counter, cross and/or third party claims to the facts and issues Judge Gleeson orders to go forward. It is not equitable to allow Plaintiffs to conduct discovery while Moving Defendants must wait on Judge Gleeson before moving forward.

      Thank you for your consideration of this letter.

cc: All counsel via ECF                                                   Respectfully,

cc: Pro Se Defendant via U.S. Mail
Ernest Bonaparte, PH. D**.**
4581 Kings Highway
Brooklyn, NY 11234

                                                                                   ___/s/_____
                                                                                   Nicholas Bowers
Dated: February 8, 2013                                        Counsel for Defendants