

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

February 15, 2013

**VIA ECF**

Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Government Employees Ins. Co., et al. v.*
          *Five Boro Psychological Services, P.C., et al.*
          Docket No. 12-cv-2448(JG)(VMS) (E.D.N.Y.)
          RR File No.:  005100-00073

Dear Magistrate Judge Scanlon:

We represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or the "Plaintiffs") in the above-referenced matter. On behalf of Plaintiffs, we respectfully submit this letter in opposition to the motion (see Docket No. 79) by Defendants John R. Braun, Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services P.L.L.C. (collectively the "Moving Defendants") to stay discovery in this action pending the disposition of their motion to compel arbitration or for abstention.

**I.**    **Relevant Facts**

GEICO commenced this action on May 15, 2012, and all of the Defendants were timely served. See Docket No. 1; Docket Sheet, passim. In its Complaint, GEICO alleges that the Defendants – including the Moving Defendants – masterminded and implemented a massive fraudulent scheme whereby they stole more than $2,100,000.00 through fraudulent no-fault insurance billing for purported psychological services that either were medically unnecessary and performed pursuant to unlawful kickbacks that the Defendants paid to the referring healthcare providers, or never were performed in the first instance. See Docket No. 1, passim. Based on these allegations, GEICO asserts various claims against the Moving Defendants, among others, for violation of the civil RICO statute, common law fraud, and unjust enrichment. Id.

926 RXR Plaza
Uniondale, NY  11556
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022
T 212.455.9555
212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601
T 201.287.2460
F 201.489.0495



Hon. Vera M. Scanlon
February 15, 2013
Page 2

In addition to the more than $2,100,000.00 that the Moving Defendants and their associates already have stolen through their fraudulent billing, GEICO alleges that the Moving Defendants and their associates have submitted at least $7,800,000.00 in additional, pending fraudulent billing through Five Boro Psychological Services, P.C. ("Five Boro"), All Boro Psychological Services, P.C. ("All Boro"), and Five Boro Psychological and Licensed Master Social Work Services P.L.L.C. ("Five Boro PLLC") (collectively the "PC Defendants") that currently remains outstanding and unpaid. See Docket No. 1 at ¶¶ 2, 101-107. Based on these allegations, GEICO seeks a declaratory judgment against the PC Defendants, to the effect that GEICO is not liable on these pending no-fault insurance claims. Id.

GEICO is not alone in alleging that the PC Defendants' operations amounted to a fraudulent or criminal scheme. On February 29, 2012, a federal indictment (the "Indictment") in USA v. Zemlyansky, et al., Docket No. 1:12-cr-00171 (JPO)(the "Criminal Action") was unsealed in the United States District Court for the Southern District of New York, charging one of the Defendants in this action, Vladimir Grinberg ("Grinberg") – among others – with health care fraud, conspiracy, mail fraud, and conspiracy to commit money laundering in connection with a systematic scheme to defraud New York automobile insurance companies of more than $275,000,000.00 under New York's no-fault laws. A copy of the Indictment is annexed hereto as Exhibit "1". Among other things, the Indictment – as supplemented by papers that later were filed by the United States Attorney (annexed hereto as Exhibit "2" – alleges in substance that: (i) Grinberg set up Moving Defendants All Boro and Five Boro PLLC for the sole purpose of defrauding insurance companies under New York's no-fault insurance laws; (ii) Grinberg paid kickbacks to referring healthcare providers in exchange for which the referring healthcare providers referred patients to All Boro and Five Boro PLLC for medically unnecessary psychology services; and (iii) All Boro and Five Boro PLLC routinely billed automobile insurers for services that either were never provided and/or were medically unnecessary. See Exhibits "1" and "2"; see also Criminal Action Docket Nos. 1, 372. The Criminal Action is ongoing.[1]

On September 7, 2012, the Moving Defendants filed a motion in the present case to compel arbitration or for abstention, and GEICO opposed. See Docket Nos. 35, 45-48, 58. On December 3, 2012, the Honorable John Gleeson heard oral argument on the Moving Defendants' motion. A complete transcript of the oral argument is annexed hereto as Exhibit "3". While Judge Gleeson reserved decision, and while GEICO does not want to

---

[1] The pendency of the Criminal Action provides no basis for a stay of discovery in this case, considering that Grinberg has not joined in the Moving Defendants' motion for a stay and – even if he had – the Court could simply stay discovery as to Grinberg and permit discovery against the Moving Defendants to proceed . See, e.g., Allstate Ins. Co. v. Howell, 2010 U.S. Dist. LEXIS 51297 (E.D.N.Y. 2010)(staying discovery as to indicted defendants, only, and permitting discovery to proceed against unindicted defendants); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., 2005 U.S. Dist. LEXIS 26192 (E.D.N.Y. 2005)(noting that indicted defendant's motion for a stay had been denied, but that the insurer-plaintiff had been ordered not to seek discovery from the indicted defendant regarding his criminal case).



Hon. Vera M. Scanlon
February 15, 2013
Page 3

presuppose the outcome of the Moving Defendants' motion to compel arbitration/abstain, the transcript does suggest that GEICO's RICO, common law fraud, and unjust enrichment claims are likely to proceed in this action. See, e.g., Exhibit "3", p. 41 ("At the very least I think, Mr. Gershenoff is right that GEICO has a right to pursue its federal [RICO] claim. … [T]o the extent Congress created a civil right of action in [RICO] this is kind of a heartland claim here.")

On December 6, 2012, Following oral argument on the Moving Defendants' motion to compel arbitration/abstain, GEICO filed a motion requesting an Order setting a date for an initial conference in this action and directing the parties to meet and confer in advance of the conference. See Docket No. 61. The Court granted the motion on December 7, 2012. See Docket No. 62. Pursuant to the resulting Order, the parties met and conferred on December 18, 2012, and GEICO served its initial discovery requests on the moving Defendants on January 3, 2013. Copies of GEICO's initial discovery requests are annexed hereto as Exhibit "4". The initial conference in this action ultimately was held on January 31, 2013. Although the Moving Defendants never objected to GEICO's motion for an Order setting a date for an initial conference, and met and conferred with GEICO so as to prepare a proposed discovery schedule, during the initial conference they requested permission to make the present motion to stay discovery.

II.     The Standards on This Motion

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. See, e.g., State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., 2007 U.S. Dist. LEXIS 74459 at * 3 (E.D.N.Y. 2007). The pendency of a dispositive motion is not, in itself, sufficient ground for a stay. Id. Rather, in determining whether a stay is appropriate, courts consider the following factors: (i) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (ii) the breadth of discovery and the burden of responding to it; and (iii) the risk of unfair prejudice to the party opposing the stay. Id. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. Id.

III.    The Moving Defendants' Motion to Stay Discovery Should Be Denied

In light of these standards, the Moving Defendants' motion should be denied. As a preliminary matter, the Moving Defendants have failed to make a "strong showing" that GEICO's civil RICO, common law fraud, and unjust enrichment claims are unmeritorious. For instance, the Moving Defendants contend that they have made a "strong showing" that GEICO's claims are subject to arbitration, and point to Judge Gleeson's prior decisions in similar cases compelling arbitration of an insurer's declaratory judgment claims. See Moving Defendants' Letter Motion ("Def. Motion") at p. 2, citing Allstate Ins. Co. v. Lyons, 2012 U.S. Dist. LEXIS 19866 (E.D.N.Y. 2012)(Gleeson,



Hon. Vera M. Scanlon
February 15, 2013
Page 4

J.); Allstate Ins. Co. v. Khaimov, 2012 U.S. Dist. LEXIS 26409 (E.D.N.Y. 2012)(Gleeson, J.). However – and as the Moving Defendants obliquely admit – in those same cases Judge Gleeson denied the motions to the extent that they sought to dismiss or compel arbitration of the insurer's civil RICO, common law fraud, and unjust enrichment claims. See Lyons at * 37 - * 39; Khaimov at * 8 - * 13. What is more, the Moving Defendants altogether fail to advise the Court that not only Judge Gleeson, but every other Judge in this District who has considered the issue, has denied similar motions to compel arbitration of an insurer's civil RICO, common law fraud, and unjust enrichment claims. See, e.g., Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 2012 U.S. Dist. LEXIS 86303 at * 26 - * 32 (E.D.N.Y. 2012)(Weinstein, J.); Gov't Emples. Ins. Co. v. Grand Med. Supply, Inc., 2012 U.S. Dist. LEXIS 92469 at * 15 - * 20 (E.D.N.Y. 2012)(Cogan, J.). Moreover, though the Moving Defendants argue that Judge Gleeson failed to properly apply the "rule of the last antecedent" in Lyons and Khaimov, and that – if properly applied – the last antecedent rule should have resulted in arbitration of the insurer's civil RICO, common law fraud, and unjust enrichment claims in those cases (see Def. Memo at pp. 2-3), they unsurprisingly omit to mention that Judge Cogan rejected an identical argument in Grand Med. Supply. See Grand Med. Supply, at fn. 1; see also Exhibit "1", pp. 8-9 (in which Judge Gleeson noted Judge Cogan's rejection of the "last antecedent" argument).Whatever else can be said about the Moving Defendants' arguments, they cannot be said to amount to a "strong showing" that GEICO's RICO, common law fraud, and unjust enrichment claims lack merit – considering that this Court repeatedly has rejected virtually identical motions to compel arbitration of such claims.[2]

Nor have the Moving Defendants demonstrated that GEICO's discovery requests are in any way overbroad or unduly burdensome in the context of this litigation. The Complaint in this action sets forth a detailed description of the Moving Defendants' conduct demonstrating that they engaged in a massive insurance fraud scheme and, thus, any burdens associated with discovery are not undue but rather simply are a product of the Moving Defendants' conduct. Tellingly, the Moving Defendants have not identified any GEICO discovery requests that are overbroad in relation to the allegations in GEICO's Complaint. See, e.g., Accurate, supra at * 12 (denying motion for stay where, "[w]hile plaintiff's discovery requests are broad, the breadth of those requests is commensurate with the nature and scope of the claims alleged.") Though the Moving Defendants – making liberal use of ellipses (see Def. Motion at p. 3) – contend that, during oral argument on their motion to compel arbitration/abstain, Judge Gleeson posited that this case ultimately might be determined through the examination of a representative sample of the Defendants' no-fault claims, any legitimate examination of the actual transcript reveals that Judge Gleeson never suggested that the Court would place any limitations on discovery relevant to the claims or defenses in this action. See Exhibit "1", pp. 41-42. Rather, it is clear from the transcript that Judge Gleeson was referring to the proofs that might be submitted by the parties on a motion for summary judgment. Id. Simply put, though the Moving

---

[2] As indicated above, the Moving Defendants arguably are on a better footing to the extent that they seek to compel arbitration of GEICO's declaratory judgment claim. However, their failure to demonstrate that the remainder of GEICO's claims lack merit militates against their motion to stay discovery. See, e.g., Accurate, supra at * 5 (denying motion to stay where the defendants had "colorable arguments for dismissal of some of the claims", but the Court was "doubtful that they [would] succeed in dismissing all of the claims against them."

Case 1:12-cv-02448-JG-VMS   Document 81   Filed 02/15/13   Page 5 of 5 PageID #: 3129



Hon. Vera M. Scanlon
February 15, 2013
Page 5

Defendants contend that discovery in this action will be quite broad and burdensome, they do not even attempt to demonstrate that GEICO's discovery requests are overbroad or unduly burdensome in the context of the claims and defenses in this case. This militates against a stay.[3]

In addition, the requested stay will prejudice GEICO. GEICO has a significant interest in recovering the money that the Moving Defendants and their associates defrauded GEICO into paying. In this context, a stay effectively would impede the "just and speedy administration of the progress of this lawsuit." Hachette Distribution, Inc. v. Hudson County News Co., 136 F.R.D. 356, 359 (E.D.N.Y. 1991); see also Allstate Ins. Co. v. Levy, 2011 U.S. Dist. LEXIS 8330 at * 3 - * 4 (E.D.N.Y. 2011)(denying stay where it would "bring the progress of the entire case to a halt merely because this defendant has made a [dispositive] motion of unknown merit.") In this context, it is worthwhile to note that – since GEICO commenced this action last May – the Moving Defendants have continued to execute on their scheme by pursuing New York City Civil Court collections actions seeking to recover on the very claims that GEICO asserts to be fraudulent in the present case (despite, it should be noted, their rather incongruous contention in the present case to the effect that these claims are subject to arbitration).

The remaining considerations do not militate for a stay. The claims in this action are not complex in any sense that would weigh against discovery. Furthermore, although the Moving Defendants complain that GEICO has pursued discovery expeditiously by serving discovery requests, this factor weighs against delaying discovery by granting a stay. See, e.g., Accurate, supra at * 13; Hachette, 136 F.R.D. at 359.

Accordingly, the Moving Defendants' motion should be denied.

        Respectfully submitted,

        RIVKIN RADLER LLP

        /s/ Max Gershenoff

        Max Gershenoff (MG 4648)

cc:        All counsel via ECF

---

[3] Though the Moving Defendants point to a single case – Grand Medical Supply, supra – and note that Judge Cogan stayed discovery sua sponte on December 13, 2011 pending the disposition of the defendants' motion to compel arbitration (see Def. Motion at p. 4), they rather disingenuously omit to mention that Judge Cogan's stay order issued before Judge Gleeson had issued the Lyons and Khaimov decisions and before Judge Weinstein issued the Excel Imaging decision. Thus, the merits of the defendants' motion to compel arbitration was much less settled at the time when Judge Cogan issued a stay in Grand Medical Supply than it is in the present case, now that Lyons, Khaimov, Excel Imaging, and – indeed – Grand Medical Supply have been decided.