UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - -X
GOVERNMENT EMPLOYEES INSURANCE CO.,
et al.

                        Plaintiffs,                   Docket No.: CV 12-2448 (JG)(VMS)

       -against-

FIVE BORO PSYCHOLOGICAL SERVICES, P.C.,
et al.

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT AGAINST DEFENDANTS JOHN BRAUN, PH.D., FIVE BORO PSYCHOLOGICAL SERVICES, P.C., ALL BORO PSYCHOLOGICAL SERVICES, P.C., AND FIVE BORO PSYCHOLOGICAL AND LICENSED MASTER SOCIAL WORK SERVICES, P.L.L.C.**

                                           Respectfully submitted,

                                           Max Gershenoff (MG 4648)
                                           RIVKIN RADLER LLP
                                           926 RXR Plaza
                                           Uniondale, New York 11556
                                           (516) 357-3000

                                           *Counsel for Plaintiffs, Government Employees*
                                           *Insurance Co., GEICO Indemnity Co., GEICO*
                                           *General Insurance Company and GEICO Casualty*
                                           *Co.*

**PRELIMINARY STATEMENT**

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively "GEICO") respectfully submit this memorandum of law in support of their motion for an Order enforcing an October 23, 2013 Settlement and Release Agreement (the "Settlement Agreement") between GEICO and Defendants John Braun, Ph.D., Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. (collectively the "All Boro Defendants"), by entering judgment against the All Boro Defendants and in favor of GEICO in the amount of $105,500.00.

The record in this matter is clear: Pursuant to the Settlement Agreement, the All Boro Defendants agreed – among other things – to pay GEICO $120,000.00 in 12 monthly installments of $10,000.00 (the "Settlement Proceeds"), commencing on November 1, 2013 and ending on October 1, 2014. However, after paying the first, November 1, 2013 installment of the Settlement Proceeds, the All Boro Defendants defaulted in their obligation to pay any of the subsequent installments that have come due, except for an insufficient partial payment of the February 2014 installment.

The Settlement Agreement provided that, upon any uncured default in payment of the Settlement Proceeds, GEICO would be entitled to enter judgment against the All Boro Defendants, jointly and severally, for $120,000.00 less any portion of the Settlement Proceeds that had been paid as of the date of entry. GEICO sent the All Boro Defendants notices of their default in accordance with the Settlement Agreement, yet the All Boro Defendants have failed to timely cure their default.

This motion ensued.

## STATEMENT OF FACTS[1]

GEICO commenced this action against the All Boro Defendants on May 15, 2012. See Docket No. 1.

On October 23, 2013, GEICO and the All Boro Defendants entered into the Settlement Agreement. Gershenoff Decl., ¶¶ 5-7. It is important to note that the Settlement Agreement was the culmination of extended settlement discussions conducted under the auspices of the Court, with the status of the discussions periodically reported to the Court. See Gershenoff Decl., ¶ 6, *citing* Docket No. 108; Docket No. 109; September 26, 2013 Order; September 26, 2013 Minute Entry; Docket No. 115; October 17, 2013 Minute Entry; October 17, 2013 Order; Docket No. 118.

Pursuant to the Settlement Agreement, GEICO dismissed this action against the All Boro Defendants without prejudice. Gershenoff Decl., ¶ 8; see also Docket No. 117.[2]

However, pursuant to Section 11 of the Settlement Agreement, this Court retains jurisdiction to enforce the terms of the Settlement Agreement. Gershenoff Decl., ¶ 9.

Pursuant to Section 2.A. of the Settlement Agreement, the All Boro Defendants were obligated to pay GEICO the Settlement Proceeds in 12 monthly installments of $10,000.00

---

[1] The facts relevant to this motion are set forth in the Declaration of Max Gershenoff (the "Gershenoff Decl."), submitted herewith.

[2] As noted in the Gershenoff Decl., the Settlement Agreement contained, among other things, a confidentiality provision which specified that "[e]xcept as required to enforce this Agreement, or to comply with any lawful order or subpoena, the Parties hereto (including their agents, representatives, employees and attorneys) shall not disclose any term of this Agreement to any person, entity or government body or agency not a party to this Agreement." Accordingly, GEICO has not electronically filed the entire Settlement Agreement as an exhibit to this motion, and instead has only excerpted the relevant terms. However, to the extent that the Court deems it necessary to review the Settlement Agreement in its entirety in order to decide this motion, GEICO is prepared to submit the entire Settlement Agreement to the Court. See Gershenoff Decl., ¶ 7.

apiece on or before the first of each month, beginning on November 1, 2013 and continuing until October 1, 2014. Gershenoff Decl., ¶ 10.

Pursuant to Section 2.B. of the Settlement Agreement:

In the event that the [All Boro] Defendants default in making payment of the Settlement Proceeds in the manner required under Section 2.A of this Agreement (hereinafter "default"), and fail to cure the default within fifteen (15) business days after receipt of written notice as set forth in Section 8 herein, then GEICO shall be entitled to immediately enter a judgment against the [All Boro] Defendants, or any of them, for which they will be jointly and severally liable, in the amount of US$120,000.00 less any payments of any portion of the Settlement Proceeds made as of the date of entry (the "default judgment"). This sum shall be deemed liquidated damages for the Defendants' failure to complete the payments in the manner required under Section 2.A of this Agreement, and is not a penalty. Interest on the default judgment shall accrue at the highest rate allowable by applicable law until fully paid.

Gershenoff Decl., ¶ 11.

Pursuant to Section 8 of the Settlement Agreement, all notices to the All Boro Defendants required under the Settlement Agreement were to be satisfied by e-mail and facsimile transmission to their counsel, Gary Tsirelman, Esq. ("Mr. Tsirelman"). Gershenoff Decl., ¶ 12.

The All Boro Defendants paid the first $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013. Gershenoff Decl., ¶ 13.

However, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on December 1, 2013. Gershenoff Decl., ¶ 14.

Therefore, on December 16, 2013, GEICO's counsel sent a notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement. Gershenoff Decl., ¶ 15.

However, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00

3

installment of the Settlement Proceeds that was due on December 1, 2013. Gershenoff Decl., ¶ 16.

Thereafter, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2014. Gershenoff Decl., ¶ 17.

Therefore, on January 9, 2014, GEICO's counsel sent a second notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement. Gershenoff Decl., ¶ 18.

Once again, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2013. Gershenoff Decl., ¶ 19.

In addition, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014. Gershenoff Decl., ¶ 20. Instead, the All Boro Defendants tendered a check for only $4,500.00 on or about February 4, 2014. Id.

To-date, with the exception of the $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013, and the partial, $4,500.00 payment of the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014, the All Boro Defendants have failed to pay any of the installments of the Settlement Proceeds that have come due. Gershenoff Decl., ¶ 21.

## ARGUMENT

### I. The Standards on This Motion

"Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside." *Johnson v. Medisys Health Network*, 2013 U.S. Dist. LEXIS 47045 at * 9 (E.D.N.Y.

2013)(internal quotations and citations omitted). "Once reached by the parties, settlement agreements are binding and enforceable." *Id*. (internal quotations and citation omitted). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 2013 U.S. App. LEXIS 1326 at * 1 (2d Cir. 2013), *quoting Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974); *see also Palmer v. County of Nassau*, 2013 U.S. Dist. LEXIS 148990 at * 4 (E.D.N.Y. 2013)(same).

Indeed, a "court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during … courtroom proceedings". *Sheet Metal Workers' Nat'l Pension Fund v. Accra Sheetmetal LLC* 2013 U.S. Dist. LEXIS 33497 at * 6 (E.D.N.Y. 2013), *quoting Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 444 (2d Cir. 2005).

In keeping with this authority, Courts within this District frequently have – in analogous circumstances – enforced settlement agreements by entering judgments upon a default pursuant to those agreements. *See*, *e.g.*, *Joseph v. Inter-City Mech. Corp.*, 2013 U.S. Dist. LEXIS 82833 (E.D.N.Y. 2013), *adopted by Joseph v. Inter-City Mech. Corp.*, 2013 U.S. Dist. LEXIS 82620 (E.D.N.Y. 2013)(entering judgment pursuant to settlement agreement after defendant defaulted in making settlement payments in accordance with agreement); *Sheet Metal Workers' Nat'l Pension Fund*, *supra*, *adopted by Sheet Metal Workers' Nat'l Pension Fund v. Accra Sheetmetal LLC*, 2013 U.S. Dist. LEXIS 31707 (E.D.N.Y. 2013)(same); *Gesualdi v. BD Haulers Inc.*, 2009 U.S. Dist. LEXIS 132214 (E.D.N.Y. 2009), *adopted by Gesualdi v. BD Haulers, Inc.*, 2009 U.S. Dist. LEXIS 132213 (E.D.N.Y. 2009)(same).

## II.   GEICO is Entitled to Judgment Against the All Boro Defendants for $105,500.00

As described above, the All Boro Defendants defaulted on their obligation to pay the Settlement Proceeds in accordance with the Settlement Agreement, and have failed to timely cure their default, despite receiving the requisite notices from GEICO in accordance with the Settlement Agreement.

Accordingly, pursuant to the authorities discussed above, GEICO is entitled to judgment against the All Boro Defendants in the amount of $105,500.00, representing the amount of the Settlement Proceeds less the payments that the All Boro Defendants have made to-date. A proposed judgment is annexed as Exhibit "3" to the Gershenoff Decl.

## **CONCLUSION**

For the reasons stated herein, GEICO's motion should be granted.

Dated:  Uniondale, New York
        February 12, 2014

Respectfully submitted,

RIVKIN RADLER LLP

By: */s/ Max Gershenoff*
    Barry I. Levy (BL 2190)
    Michael P. Versichelli (MV 2692)
    Max Gershenoff (MG 4648)
    Brian L. Bank (BB 5995)
926 RXR Plaza
Uniondale, New York  11556
(516) 357-3000