UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE CO., and
GEICO CASUALTY CO.,                                  Docket No.:
                                                     CV 12-2448 (JG)(VMS)
        Plaintiffs,

  -against-

FIVE BORO PSYCHOLOGICAL SERVICES,
P.C., et al.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF MAX GERSHENOFF

**MAX GERSHENOFF**, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

1. I am a partner with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively "GEICO") in this matter.

2. I have personal knowledge of the facts set forth in this declaration, and would testify as to them in a court of law if required to do so.

3. I respectfully submit this declaration in support of GEICO's motion for an Order enforcing the October 23, 2013 Settlement and Release Agreement between GEICO and Defendants John Braun, Ph.D., Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. (collectively the "All Boro Defendants"), by entering judgment against the All Boro Defendants and in favor of GEICO in the amount of $105,500.00.

4. GEICO commenced this action against the All Boro Defendants on May 15, 2012. See Docket No. 1.

5. On October 23, 2013, GEICO and the All Boro Defendants entered into a Settlement and Release Agreement (the "Settlement Agreement").

6. It is important to note that the Settlement Agreement was the culmination of extended settlement discussions conducted under the auspices of the Court, with the status of the discussions periodically reported to the Court. See Docket No. 108; Docket No. 109; September 26, 2013 Order; September 26, 2013 Minute Entry; Docket No. 115; October 17, 2013 Minute Entry; October 17, 2013 Order; Docket No. 118.

7. The Settlement Agreement contained, among other things, a confidentiality provision which specified that "Except as required to enforce this Agreement, or to comply with any lawful order or subpoena, the Parties hereto (including their agents, representatives, employees and attorneys) shall not disclose any term of this Agreement to any person, entity or government body or agency not a party to this Agreement." Accordingly, I have not attached a copy of the entire Settlement Agreement to this declaration, and instead have only excerpted the relevant terms. However, to the extent that the Court deems it necessary to review the Settlement Agreement in its entirety in order to decide this motion, GEICO is prepared to submit the entire Settlement Agreement to the Court.

8. Pursuant to the Settlement Agreement, GEICO dismissed this action against the All Boro Defendants without prejudice. See Docket No. 117.

9. Pursuant to Section 11 of the Settlement Agreement, this Court retains jurisdiction to enforce the terms of the Settlement Agreement.

10. Pursuant to Section 2.A. of the Settlement Agreement, the All Boro Defendants were obligated to pay GEICO $120,000.00 in 12 monthly installments of $10,000.00 apiece (the "Settlement Proceeds"), beginning on November 1, 2013 and continuing on the first of each month until October 1, 2014.

11. Pursuant to Section 2.B. of the Settlement Agreement:

In the event that the [All Boro] Defendants default in making payment of the Settlement Proceeds in the manner required under Section 2.A of this Agreement (hereinafter "default"), and fail to cure the default within fifteen (15) business days after receipt of written notice as set forth in Section 8 herein, then GEICO shall be entitled to immediately enter a judgment against the Defendants, or any of them, for which they will be jointly and severally liable, in the amount of US$120,000.00 less any payments of any portion of the Settlement Proceeds made as of the date of entry (the "default judgment"). This sum shall be deemed liquidated damages for the Defendants' failure to complete the payments in the manner required under Section 2.A of this Agreement, and is not a penalty. Interest on the default judgment shall accrue at the highest rate allowable by applicable law until fully paid.

12. Pursuant to Section 8 of the Settlement Agreement, all notices required under the Agreement were to be satisfied by e-mail and facsimile transmission to their counsel, Gary Tsirelman, Esq. ("Mr. Tsirelman").

13. The All Boro Defendants paid the $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013.

14. However, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on December 1, 2013.

15. Therefore, on December 16, 2013, I sent a notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement. A true and correct copy of the December 16, 2013 notice of default is annexed hereto as Exhibit "1".

16. However, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00 installment of the Settlement Proceeds that was due on December 1, 2013.

17. Thereafter, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2014.

18. Therefore, on January 9, 2014, I sent a second notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement. A true and correct copy of the January 9, 2014 notice of default is annexed hereto as Exhibit "2".

19. Once again, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2013.

20. In addition, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014. Instead, the All Boro Defendants tendered a check for only $4,500.00 on or about February 4, 2014.

21. To-date, with the exception of the $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013, and the partial, $4,500.00 payment of the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014, the All Boro Defendants have failed to pay any of the installments of the Settlement Proceeds that have come due.

22. Accordingly, GEICO respectfully submits that it is entitled to judgment against the All Boro Defendants, jointly and severally, in the amount of $105,500.00.

23. A proposed judgment is annexed hereto as Exhibit "3".

Dated: Uniondale, New York
February 12, 2014

      /s/
Max Gershenoff (MG 4648)