UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., et al.,

                        Plaintiffs,

       - against -                            Case No.
                                         1:12-cv-02448 (JG) (VMS)

FIVE BORO PSYCHOLOGICAL SERVICES, P.C., et al.,
                       Defendants.
-------------------------------------------------------------------X

**<u>MEMORANDUM IN OPPOSITION TO PLAINTIFFS MOTION TO ENFORCE SETTLEMET AGREEMENT AND ENFORCE JUDGMENT</u>**

**BY DEFENDANTS
DR. JOHN R. BRAUN, FIVE BORO PSYCHOLOGICAL SERVICES, P.C.,
ALL BORO PSYCHOLOGICAL SERVICES, P.C., AND FIVE BORO
PSYCHOLOGICAL AND LICENSED MASTER SOCIAL WORK SERVICES P.L.L.C.**

                                                   Gary Tsirelman, P.C.
                                                   129 Livingston Street
                                                   Second Floor
                                                   Brooklyn, NY 11201

## Preliminary Statement

Defendants John R. Braun, Ph.D., All Boro Psychological Services, P.C., Five Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. (collectively "Opposing Defendants"), oppose Plaintiff's motion to enforce the Settlement Agreement and request mediation of the instant dispute regarding payment pursuant to the Settlement Agreement.

Opposing Defendants entered into a Settlement Agreement with Plaintiffs, agreeing to, among other things, pay Plaintiffs $120,000. Opposing Defendants entered into this agreement in good faith and have upheld the terms of the Agreement as far as they have been able, discontinuing the No-Fault collection suits and paying Plaintiffs $14,500 to date.

Due to circumstances unforeseen at the time Opposing Defendants agreed to the Settlement Agreement, Opposing Defendants have no money with which to pay Plaintiffs at this time. Opposing Defendants thus request mediation of the instant dispute in the hopes of coming to a modified settlement agreement.

## Statement of Facts[1]

Opposing Defendants and Plaintiffs entered into a Settlement Agreement on October 23, 2013, which required that Opposing Defendants pay Plaintiffs $120,000 in twelve monthly installments of $10,000 beginning on November 1, 2013.

Opposing Defendants have paid Plaintiffs $14,500 of that amount to date. Braun Aff. ¶3. Opposing Defendants have no current assets with which to pay Plaintiffs. Braun Aff. ¶ 5. The Opposing Defendants have not collected any revenue, nor paid any party other than Plaintiffs

---

[1] The relevant facts are set forth in the Affidavit of John R. Braun, Ph.D., submitted with the instant opposition.

1

any amount of money since before December 1, 2013, including making no salary payments to any employees or paying any fees or retainers to counsel in the instant suit. Braun Aff. ¶¶6-10. Opposing Defendants no longer have any office space, as they have canceled their leases. Braun Aff. ¶9.

Defendant John Braun has not been able to personally make any payments to Plaintiffs because his wife has recently undergone surgery and is currently in significant physical therapy, depleting all of John Braun's money. Braun Aff. ¶14.

Opposing Defendants entered into the Settlement Agreement in good faith, believing that they would be able to pay Plaintiffs. This belief was founded on Opposing Defendants settling a number of state court No-Fault cases with other insurers, which included payments from those insurers to Opposing Defendants. Braun Aff. ¶ 12.

Opposing Defendants did not collect revenue from any source since December 1, 2013. Braun Aff. ¶11.

However, the counterparties to the state court settlement agreements reneged on their respective settlement agreements and have so far refused to pay Opposing Defendants. Braun Aff. ¶13. This has left Opposing Defendants with no source of revenue with which to pay Plaintiffs at the current time. Braun Aff. ¶5. Opposing Defendants are nevertheless willing to pay Plaintiffs the amounts agreed to in the Settlement Agreement as they are able. Braun Aff. ¶15.

## **Argument**

A settlement agreement is a contract, and the enforcement of a settlement agreement is essentially a summary action sounding in contract law. *Vemics, Inc. v. Meade*, 371 F. App'x 181, 182 (2d Cir. 2010) (citing *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). Opposing

Defendants request a separate settlement conference on this summary contract action with Magistrate Judge Vera M. Scanlon. In the alternative, Opposing Defendants request mediation of the instant contract dispute under Local Civil Rule 83.8.

Such alternative dispute resolution of the current action is ideal because it will allow the parties to come to an agreement as to how best to ensure Plaintiffs receive the amounts agreed to under the Settlement Agreement without resorting to a default judgment against Opposing Defendants. Indeed, such default judgment would have no effect on the underlying unforeseen inability of Opposing Defendants to pay Plaintiffs any amount immediately.

Dated: Brooklyn, New York
February 28, 2014   \_\_\_/s/_____
Nicholas Bowers, Esq.
Gary Tsirelman, P.C.
*Counsel for Opposing Defendants*
129 Livingston Street, Second Floor
Brooklyn, NY 11201
718.438-1200