```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE CO., and
GEICO CASUALTY CO.,

                Plaintiffs,

        -against-

FIVE BORO PSYCHOLOGICAL SERVICES,
P.C., et al.,

                Defendants.
-----------------------------------X
```

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 04 2014 ★

BROOKLYN OFFICE

**JUDGMENT**

Docket No.:
CV 12-2448 (JG)(VMS)

On _March 3, 2014_, the Court considered the application by Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") for entry of judgment against Defendants John Braun, Ph.D., Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. (collectively the "All Boro Defendants") pursuant to an October 23, 2013 Settlement and Release Agreement (the "Settlement Agreement").

After considering the papers submitted in connection with the application, the papers on file in this action, and the authorities cited, the Court finds as follows:

Pursuant to Section 2.A. of the Settlement Agreement, the All Boro Defendants agreed – among other things – to pay GEICO $120,000.00 in 12 monthly installments of $10,000.00 (the "Settlement Proceeds") on or before the first of each month, commencing on November 1, 2013 and ending on October 1, 2014.

Pursuant to Section 2.B. of the Settlement Agreement:

> In the event that the [All Boro] Defendants default in making payment of the Settlement Proceeds in the manner required under Section 2.A of this Agreement (hereinafter "default"), and fail to cure the default within fifteen (15) business days after receipt of written notice as set forth in Section 8 herein, then GEICO shall be entitled to immediately enter a judgment against the [All Boro] Defendants, or any of them, for which they will be jointly and severally liable, in the amount of US$120,000.00 less any payments of any portion of the Settlement Proceeds made as of the date of entry (the "default judgment"). This sum shall be deemed liquidated damages for the Defendants' failure to complete the payments in the manner required under Section 2.A of this Agreement, and is not a penalty. Interest on the default judgment shall accrue at the highest rate allowable by applicable law until fully paid.

Pursuant to Section 8 of the Settlement Agreement, all notices to the All Boro Defendants required under the Agreement were to be satisfied by e-mail and facsimile transmission to their counsel, Gary Tsirelman, Esq. ("Mr. Tsirelman").

The All Boro Defendants paid the $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013.

However, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on December 1, 2013.

Therefore, on December 16, 2013, GEICO's counsel sent a notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement.

However, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00 installment of the Settlement Proceeds that was due on December 1, 2013.

Thereafter, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2014.

Therefore, on January 9, 2014, GEICO's counsel sent a second notice of default to the All Boro Defendants' counsel, Mr. Tsirelman, in accordance with Sections 2 and 8 of the Settlement Agreement.

Once again, the All Boro Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the $10,000.00 installment of the Settlement Proceeds that was due on January 1, 2013.

In addition, the All Boro Defendants failed to pay the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014. Instead, the All Boro Defendants tendered a check to GEICO for only $4,500.00 on or about February 4, 2014.

To-date, with the exception of the $10,000.00 installment of the Settlement Proceeds that was due on November 1, 2013, and the partial, $4,500.00 payment of the $10,000.00 installment of the Settlement Proceeds that was due on February 1, 2014, the All Boro Defendants have failed to pay any of the installments of the Settlement Proceeds that have come due.

Pursuant to Section 11 of the Settlement Agreement, this Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**THEREFORE, IT IS ORDERED** that:

Judgment be entered against Defendants John Braun, Ph.D., Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. and in favor of Plaintiffs, holding Defendants John Braun, Ph.D., Five Boro Psychological Services, P.C., All Boro Psychological Services, P.C., and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. jointly and severally liable for damages in the amount of $105,500.00.

3

**IT IS FURTHER ORDERED** that:

This judgment shall bear interest at the judgment rate from the date of entry until paid.

Dated: March 3, 2014

s/John Gleeson
United States District Judge