UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO
CASUALTY CO.,

                                                  Plaintiffs,

      -against-                                Docket No.: 12-cv-2448
                                                      (JG)(VMS)

FIVE BORO PSYCHOLOGICAL SERVICES, P.C.,
ALL BORO PSYCHOLOGICAL SERVICES, P.C., FIVE BORO
PSYCHOLOGICAL AND LICENSED MASTER SOCIAL
WORK SERVICES P.L.L.C., VLADIMIR GRINBERG,
JOHN R. BRAUN, PH. D., MICKAELLE DOUGHERTY, PH.D.,
ERNEST BONAPARTE, PH.D., FRANCES MENDELSOHN, PH.D.,
YEVGENIY MARGULIS, PH.D., WALTER SPEAR, PH.D.,
DIJANA BLACIC, PH.D., KENNETH DIAMOND, PH.D., and
RICHARD MAYS, PH.D.,

                                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

                                  Respectfully submitted,

                                  RIVKIN RADLER LLP
                                  926 RXR Plaza
                                  Uniondale, New York 11556
                                  (516) 357-3000

                                  *Counsel for Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF RELEVANT FACTS .............................................................................1

    I.     Relevant Procedural History ...............................................................................1

    II.    The Basis for the Proposed Amendments .........................................................3

ARGUMENT .........................................................................................................................5

    I.     The Standards on This Motion ............................................................................5

    II.    There Has Not Been Undue Delay ......................................................................6

    III.   There Will Not Be Undue Prejudice ...................................................................7

    IV.   The Addition of Olga Grinberg as a New Defendant Does Not Alter
           the Rule 15 Analysis ...........................................................................................9

    V.    GEICO Has Shown Good Cause for the Proposed Amendments.......................10

CONCLUSION.......................................................................................................................11

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

Allstate Ins. Co. v. Elzanaty,
    916 F. Supp. 2d 273 (E.D.N.Y. 2013) ...............................................................................9

Black Radio Network, Inc. v. NYNEX Corp.,
    44 F. Supp. 2d 565 (S.D.N.Y. 1999)...................................................................................6

Block v. First Blood Assocs.,
    988 F.2d 344 (2d Cir. 1993)................................................................................................6

Bryant v. Carlisle Carrier Corp.,
    2014 U.S. Dist. LEXIS 23934 (E.D.N.Y. 2014)...............................................................10

Care Environmental Corp. v. M2 Technologies, Inc,
    No. CV-05-1600, 2006 WL 2265036 (E.D.N.Y. 2006) .....................................................5

Fariello v. Campbell,
    860 F. Supp. 54 (E.D.N.Y. 1994) .......................................................................................6

Farnan v. Davis,
    371 U.S. 178 (1962)............................................................................................................6

Fustok v. Conticommodity Serv., Inc.,
    103 F.R.D. 601 (S.D.N.Y. 1984) ........................................................................................7

Gem Global Yield Fund, Ltd. v. Surgilight, Inc.,
    04-CV-4451, 2006 WL 2389345 (S.D.N.Y. 2006).............................................................7

In re Crazy Eddie Sec. Litig.,
    792 F. Supp. 197 (E.D.N.Y. 1992) .....................................................................................9

Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.,
    734 F. Supp. 1071 (S.D.N.Y. 1990)....................................................................................6

Minoli v. Evon,
    No. CV-95-0544, 1996 WL 288473 (E.D.N.Y. May 24, 1996) .........................................6

Rachman Bag Co. v. Liberty Mut. Ins. Co.,
    46 F.3d 230 (2d Cir. 1995)..................................................................................................6

Sanrio Co., Ltd. v. Epic Trading, Inc.,
    No. 2004-5428, 2005 WL 1705746 (E.D.N.Y. 2005) ........................................................9

Sperberg v. Firestone Tire & Rubber Co.,
    61 F.R.D. 78 (N.D. Ohio 1973) ..........................................................................................6

State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,
    246 F.R.D. 143 (E.D.N.Y. 2007) ...................................................................................6, 7, 9

State Teachers Ret. Bd. v. Fluor Corp.,
    654 F.2d 843 (2d Cir. 1981)......................................................................................................6

Stone v. Courtyard Mgmt. Co.,
    2001 WL 395159 (S.D.N.Y. 2001)..........................................................................................5

USA v. Zemlyansky, et al.,
    S.D.N.Y. Docket No. 1:12-cr-00171 (JPO) ........................................................................4, 7

Zenith Radio Corp. v. Hazeltine Research, Inc.,
    401 U.S. 321 (1971)..................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively, "Plaintiffs" or "GEICO") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to amend the Complaint in this action.

## STATEMENT OF RELEVANT FACTS[1]

**I.    Relevant Procedural History**

Plaintiffs commenced this action on May 15, 2012. See Docket No. 1. In its original Complaint, GEICO alleged that – beginning in 2004, and continuing through the the date when the Complaint was filed – the Defendants and their associates masterminded and implemented a massive fraudulent scheme through which they stole over $2,100,000.00 from GEICO by submitting fraudulent no-fault billing for purported psychological services through three professional entities, former Defendants Five Boro Psychological Services, P.C. ("Five Boro"), All Boro Psychological Services, P.C. ("All Boro"), and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. ("Five Boro PLLC")(collectively the "Former PC Defendants"). See Docket No. 1, passim.

In particular, GEICO alleged that the Former PC Defendants had no fixed treatment locations of any kind, did not maintain stand-alone practices, were not the owners or leaseholders in the real property from which they purported to provide psychological services, did not employ their own support staff, and did not advertise or market their services to the general public. Id. at ¶ 30. Instead, the Former PC Defendants obtained access to patients through the payment of kickbacks by the Former PC Defendants, Defendant Vladimir Grinberg ("Grinberg"), and former

---

[1] The facts referenced in this memorandum of law are drawn from the record in this action, and from the Declaration of Max Gershenoff ("Gershenoff Decl."), submitted herewith.

Defendant John Braun, Ph.D. ("Braun") to a network of healthcare clinics (the "Clinics") located throughout the New York metropolitan area that specialized in treating patients with no-fault insurance who claimed to have been injured in automobile accidents. Id. at ¶ 31.

GEICO further alleged that, in exchange for these kickbacks, when a patient visited one of the Clinics, he or she automatically was referred to one of the Former PC Defendants for psychological treatments, regardless of individual symptoms, presentment, or – in virtually every case – the total absence of any psychological problems arising from any automobile accident. Id. at ¶ 34. Every patient who was referred by the Clinics to the Former PC Defendants pursuant to the Defendants' kickbacks purportedly was subjected to a virtually identical series of unnecessary, illusory, or otherwise unreimbursable psychological services, which then were billed to GEICO. Id., passim.

What is more, GEICO alleged that the Former PC Defendants were not entitled to bill GEICO for most of the psychological services in the first instance. This is because most of the psychological services were provided – to the extent that they were provided at all – by Defendants Mickaelle Dougherty, Ph.D. ("Dougherty") and Ernest Bonaparte, Ph.D. ("Bonaparte")(collectively the "Treating Defendants"), and former Defendants Frances Mendelsohn, Ph.D. ("Mendelsohn"), Yevgeniy Margulies, Ph.D. ("Margulies"), Walter Spear, Ph.D. ("Spear"), Dijana Blacic, Ph.D. ("Blacic"), Kenneth Diamond, Ph.D. ("Diamond"), and Richard Mays, Ph.D. ("Mays")(collectively the "Former Treating Defendants"), who were independent contractors, rather than employees of the Former PC Defendants. Id. at ¶¶ 77-87.

Based on these allegations, GEICO asserted various claims against the Former PC Defendants, Grinberg, Braun, the Treating Defendants, and the Former Treating Defendants for violations of the civil RICO statute, common law fraud, and unjust enrichment. Id. at ¶¶ 108-

2

209. Through these affirmative claims, GEICO sought to recover more than $2,100,000.00 that the Former PC Defendants and their co-Defendants stole through their fraudulent billing. Id.

In addition to the more than $2,100,000.00 that the PC Defendants had already stolen through their fraudulent billing, GEICO alleged that the Former PC Defendants and their co-Defendants submitted at least $7,800,000.00 in additional, pending fraudulent billing that remained outstanding and unpaid. Id. at ¶¶ 2, 101-107. Based on these allegations, GEICO sought a declaratory judgment against the Former PC Defendants, to the effect that GEICO was not liable to pay these pending, fraudulent no-fault insurance claims. Id.

After it commenced this action, GEICO reached confidential settlement agreements with the Former PC Defendants, the Former Treating Defendants, and Braun, leaving only Grinberg and the Treating Defendants as Defendants in the case. See Docket Nos. 54-56, 117, 125, 141.

GEICO has requested Grinberg's consent to the proposed Amended Complaint, but Grinberg has not consented. GEICO has been unable to request the consent of the Treating Defendants because they have defaulted in this action.

## II.     The Basis for the Proposed Amendments

After GEICO filed the original Complaint, discovery uncovered evidence supporting the original allegations, and also provided information indicating that the scheme was more elaborate than previously believed. In particular, GEICO obtained information in discovery which provides a basis to allege that – although All Boro and Five Boro nominally were owned on paper by Braun – in actuality All Boro and Five Boro were secretly and unlawfully owned and controlled by Grinberg and his wife, Olga Grinberg ("O. Grinberg"), who are not licensed psychologists.

3

Moreover, GEICO obtained information which provides a basis to allege that Five Boro PLLC – though nominally owned on paper by Grinberg and Braun – actually was secretly and unlawfully owned and controlled, at least in part, by O. Grinberg, who is not licensed as a psychologist or social worker.

In particular, GEICO obtained the Former PC Defendants' financial records, which indicated that large sums of money were shuttled between and then withdrawn from the Former PC Defendants' bank accounts in untraceable cash and – concomitantly – large sums of money were paid over from the Former PC Defendants' bank accounts to O. Grinberg in checks structured to be less than $10,000.00 apiece, apparently in an attempt to avoid financial reporting requirements. See Docket Nos. 100-102.

Furthermore, Grinberg was indicted for his involvement in the events giving rise to this action, and pleaded guilty during the pendency of this lawsuit. Specifically, on February 28, 2012, in USA v. Zemlyansky, et al., S.D.N.Y. Docket No. 1:12-cr-00171 (JPO), Grinberg was indicted in the United States District Court for the Southern District of New York. Thereafter, on May 21, 2013, a superseding indictment was filed, charging Grinberg with conspiracy to commit healthcare fraud, conspiracy to commit mail fraud, and conspiracy to commit money laundering in connection with his activities at the Former PC Defendants. On or about June 26, 2013, Grinberg pleaded guilty to – among other things – conspiracy to commit healthcare fraud and conspiracy to commit money laundering in connection with his ownership and control of the Former PC Defendants. In connection with his guilty plea, Grinberg admitted facts indicating that he secretly and unlawfully owned and controlled All Boro and Five Boro.

Accordingly, GEICO has a basis to allege that Grinberg and O. Grinberg secretly and unlawfully owned and controlled the Former PC Defendants. By extension, GEICO has a basis

to allege that the billing Grinberg and O. Grinberg submitted or caused to be submitted through the Former PC Defendants not only was fraudulent for the reasons discussed in the current Complaint, but also misrepresented the Former PC Defendants' corporate legitimacy and eligibility to seek or collect no-fault insurance benefits in the first instance.

## ARGUMENT

I.   **The Standards on This Motion**

Rule 15 of the Federal Rules of Civil Procedure provides that when a responsive pleading has been served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grinberg, through his counsel, refused to give consent to file the Amended Complaint and so leave of Court is requested.

Delay, without prejudice, is an insufficient basis to deny leave to amend. Stone v. Courtyard Mgmt. Co., 2001 WL 395159, at *2 (S.D.N.Y. 2001). Indeed, although leave to amend is not automatic, "only undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment will serve to prevent an amendment prior to trial." Care Environmental Corp. v. M2 Technologies, Inc, No. CV-05-1600, 2006 WL 2265036, at *5 (E.D.N.Y. August 8, 2006)(internal quotations and citation omitted). Ultimately, the decision whether to allow amendment involves a fact-specific analysis left to the sound discretion of the court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971).

While the onus on the party seeking to amend is slight, the burden on the party opposing the motion for leave to amend is significant, in that such a challenge must establish that the

5

amendment would be legally insufficient, frivolous or prejudicial. Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994). In particular, courts have held "amendments are favored," Black Radio Network, Inc. v. NYNEX Corp., 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999)(quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)), "liberally granted," Sperberg v. Firestone Tire & Rubber Co., 61 F.R.D. 78, 79 (N.D. Ohio 1973), and should be "freely given," Farnan v. Davis, 371 U.S. 178, 182 (1962). The Second Circuit has stated, "amendment should normally be permitted ... [ as] refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules." Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (internal quotations and citations omitted).

Here, none of the issues that could prevent amendment are present. There has been no undue delay and the Defendants will not be prejudiced by allowing the amendment. Nor are the proposed amendments frivolous. Consequently, GEICO's motion should be granted.

## II.     There Has Not Been Undue Delay

First, there has not been undue delay. While time has passed since the original Complaint was filed, the mere passage of time does not render a delay "undue." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Minoli v. Evon, No. CV-95-0544, 1996 WL 288473, at *4 (E.D.N.Y. May 24, 1996)(lateness of motion to amend standing alone is not proper basis for denial). Courts have allowed amendments several years after filing of the original complaint. See, e.g.,State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 147 (E.D.N.Y. 2007)(two and a half year delay); Fluor Corp., 654 F.2d at 856 (three year delay); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990) (three year delay).

Moreover, courts consider whether defendants' conduct contributed to the passage of time, which is a significant factor here. See, e.g., Gem Global Yield Fund, Ltd. v. Surgilight, Inc., 04-CV-4451, 2006 WL 2389345, at *10 (S.D.N.Y. Aug. 17, 2006) (four year delay not bad faith based on negotiations with non-moving party and events of case); Fustok v. Conticommodity Serv., Inc., 103 F.R.D. 601, 604 (S.D.N.Y. 1984) (no undue delay based on magnitude of case and actions of both sides).

In the present case, and as the Court may recall, the Defendants unsuccessfully resisted disclosure of the Former PC Defendants' bank records, which ultimately revealed O. Grinberg's involvement in their affairs. See Docket No. 92. Furthermore, Grinberg's unlawful ownership interest in All Boro and Five Boro did not become fully apparent until he pleaded guilty in the Zemlyansky case and made the requisite disclosures in the context of his criminal sentencing, which occurred in the fall of 2013. Thereafter, the parties engaged in time-consuming settlement discussions in an attempt to resolve GEICO's claims in this action. See, e.g., Docket Nos. 92-93, 109, 111, and passim. While GEICO was able to reach settlements with most of the Defendants in this case, it was unable to reach a settlement with Grinberg. Given the totality of these circumstances, GEICO respectfully submits that it did not unduly delay in making this motion.

### III. There Will Not Be Undue Prejudice

To determine whether the proposed amendments will constitute prejudice, "Courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." CPT Med. Servs., P.C., 246 F.R.D. at 148 (internal

7

quotations and citation omitted). None of these factors militate against an amendment in the present case.

First, though almost two years have passed since GEICO commenced this action, the amendments will not require Grinberg or the Treating Defendants to expend significant additional resources to conduct discovery and prepare for trial. Indeed, the Treating Defendants are in default and have not participated in this action in any substantive fashion. As for Grinberg, he has not produced any substantive discovery to-date in response to GEICO's initial discovery requests, nor has he been deposed yet, so he should not be heard to contend that the amendments will cause him to expend any additional resources when he has not expended any substantive resources with respect to the original Complaint.

Second, the proposed amendments will not significantly delay the resolution of the dispute. To the contrary, they will probably speed up the resolution of the dispute inasmuch as they place the corporate legitimacy of the Former PC Defendants at issue and thereby provide a basis to hold all of the billing submitted through the Former PC Defendants to be fraudulent on a wholesale basis as a matter of law. As the Court is aware, the current Complaint is predicated largely on the fact that the Defendants submitted inflated billing for medically unnecessary and illusory services, and the Court and the parties had contemplated that the adjudication of this case would require consideration of a large number of the Defendants' discrete no-fault insurance claims. See, e.g., February 1, 2013 Docket Entry. GEICO expects that the additional allegations in the proposed Amended Complaint regarding the Former PC Defendants' corporate legitimacy will enable this action to be adjudicated more efficiently.

The third prejudice consideration is not really a factor in this case, inasmuch as GEICO is the plaintiff in this action, and the proposed amendments would not – in theory – prevent GEICO from bringing a timely action in another jurisdiction.

**IV. The Addition of Olga Grinberg as a New Defendant Does Not Alter the Rule 15 Analysis**

Fed. R. Civ. P. 21 governs specific instances where an amendment seeks to add parties and "it is generally accepted ... that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under [Rule 15(a)] for leave to amend, they will generally be permitted to add parties under [Rule 21]." Sanrio Co., Ltd. v. Epic Trading, Inc., No. 2004-5428, 2005 WL 1705746, at *1 (E.D.N.Y. 2005)(internal quotations and citation omitted). Put another way, "[i]n deciding whether to permit the addition of defendants, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." Allstate Ins. Co. v. Elzanaty, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013)(internal quotations and citation omitted).

In the present case, while the Amended Complaint adds O. Grinberg as a new party, it also alleges that O. Grinberg is inextricably connected with the current parties and the alleged fraudulent scheme, inasmuch she is alleged to have secretly and unlawfully owned and controlled the Former PC Defendants. In such circumstances, amendment is proper. See, e.g., In re Crazy Eddie Sec. Litig., 792 F. Supp. 197, 205 (E.D.N.Y. 1992)(leave granted where plaintiffs learned new information during discovery and defendant had notice of the facts because they related to claims already asserted); see also CPT Med. Servs., P.C., 246 F.R.D. at 149 (permitting insurer to amend complaint to add new defendants and allege that professional corporations were fraudulently incorporated, where "allowing Plaintiff to add claims for fraudulent incorporation would not significantly delay the resolution of this matter. Here, the

9

new claims are merely variations on the original theme . . ., arising from the same set of operative facts as the original complaint. … The fraudulent incorporation claims will not dramatically change the nature of the case because the issue of fraudulent incorporation is intertwined with Plaintiff's RICO conspiracy and common law fraud claims. … Indeed, all claims at issue share a common theme: the intent of Defendants to exploit the No-Fault laws to the detriment of Plaintiff.")(Internal quotations and citation omitted).

### V. GEICO Has Shown Good Cause for the Proposed Amendments

In cases where the Court has issued a scheduling order pursuant to Fed. R. Civ. P. 16, the schedule may be modified "only for good cause and with the judge's consent." Bryant v. Carlisle Carrier Corp., 2014 U.S. Dist. LEXIS 23934 at * 3 (E.D.N.Y. 2014)(Gleeson, J.), quoting Fed. R. Civ. P. 16(b)(4). In this context, "good cause depends on the diligence of the moving party, … as well as other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the non-moving party]." Id. at * 4 (internal quotations and citations omitted).

In the present case, it does not appear as if the scheduling order set any particular deadlines for amendments to the Complaint. See May 9, 2013 Docket Entry. Even so, GEICO has shown the requisite good cause for the proposed amendments.

First, GEICO has been diligent in its approach to this litigation. GEICO did not become aware of O. Grinberg's interests in the PC Defendants or of the viability of its proposed corporate illegitimacy allegations until last summer. Thereafter, GEICO engaged in settlement discussions, under the auspices of the Court, which resulted in settlements with many of the former Defendants in this action. In the context of these settlement discussions, GEICO also attempted to reach a settlement with Grinberg, but the parties could not reach an agreement. It

was only within the past month that GEICO was able to determine that continued discussions with Grinberg (and, by extension, with O. Grinberg, his wife) would not be productive.

Second, and as discussed above, allowing GEICO to amend its Complaint at this stage of the litigation would not prejudice any of the non-moving parties. For instance, the Treating Defendants have defaulted and have not participated in this action at all. Along similar lines, Grinberg has not produced any substantive discovery to-date in response to GEICO's initial discovery requests, nor has he been deposed yet, so he cannot legitimately contend that the amendments will cause him any prejudice.

## **CONCLUSION**

For the reasons stated herein, GEICO's motion should be granted.

Dated:     Uniondale, New York
           April 11, 2014

Respectfully submitted,

RIVKIN RADLER LLP

By: */s/ Max Gershenoff*
    Barry I. Levy (BL 2190)
    Michael P. Versichelli (MV 2692)
    Max Gershenoff (MG 4648)
    Brian L. Bank (BB 5995)
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:   (516) 357-3000
Facsimile:   (516) 357-3333

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*