UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO
CASUALTY CO.,

                    Plaintiffs,

     -against-                                Docket No.: 12-cv-2448 (JG)(VMS)

FIVE BORO PSYCHOLOGICAL SERVICES, P.C.,
ALL BORO PSYCHOLOGICAL SERVICES, P.C.,
FIVE BORO PSYCHOLOGICAL AND LICENSED
MASTER SOCIAL WORK SERVICES P.L.L.C.,
VLADIMIR GRINBERG,
JOHN R. BRAUN, PH. D.,
MICKAELLE DOUGHERTY, PH.D.,
ERNEST BONAPARTE, PH.D.,
FRANCES MENDELSOHN, PH.D.,
YEVGENIY MARGULIS, PH.D.,
WALTER SPEAR, PH.D.,
DIJANA BLACIC, PH.D.,
KENNETH DIAMOND, PH.D., and
RICHARD MAYS, PH.D.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF MAX GERSHENOFF

     Max Gershenoff, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

     1.     I am a partner with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ("Plaintiffs" or "GEICO") in this matter.

     2.     I have personal knowledge of the facts set forth in this declaration, and would testify as to them in a court of law if required to do so.

3.     I respectfully submit this declaration in support GEICO's motion, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to amend the Complaint in this action.

4.     A copy of the proposed Amended Complaint, without the voluminous exhibits, is annexed hereto as Exhibit "A".

## I.     Relevant Procedural History

5.     Plaintiffs commenced this action on May 15, 2012. See Docket No. 1.

6.     In its original Complaint, GEICO alleged that – beginning in 2004, and continuing through the the date when the Complaint was filed – the Defendants and their associates masterminded and implemented a massive fraudulent scheme through which they stole over $2,100,000.00 from GEICO by submitting fraudulent no-fault billing for purported psychological services through three professional entities, former Defendants Five Boro Psychological Services, P.C. ("Five Boro"), All Boro Psychological Services, P.C. ("All Boro"), and Five Boro Psychological and Licensed Master Social Work Services, P.L.L.C. ("Five Boro PLLC")(collectively the "Former PC Defendants"). See Docket No. 1, passim.

7.     In particular, GEICO alleged that the Former PC Defendants had no fixed treatment locations of any kind, did not maintain stand-alone practices, were not the owners or leaseholders in the real property from which they purported to provide psychological services, did not employ their own support staff, and did not advertise or market their services to the general public. Id. at ¶ 30.

8.     Instead, the Former PC Defendants obtained access to patients through the payment of kickbacks by the Former PC Defendants, Defendant Vladimir Grinberg ("Grinberg"), and former Defendant John Braun, Ph.D. ("Braun") to a network of healthcare clinics (the "Clinics") located throughout the New York metropolitan area that specialized in treating

2

patients with no-fault insurance who claimed to have been injured in automobile accidents. Id. at ¶ 31.

9. GEICO further alleged that, in exchange for these kickbacks, when a patient visited one of the Clinics, he or she automatically was referred to one of the Former PC Defendants for psychological treatments, regardless of individual symptoms, presentment, or – in virtually every case – the total absence of any psychological problems arising from any automobile accident. Id. at ¶ 34.

10. Every patient who was referred by the Clinics to the Former PC Defendants pursuant to the Defendants' kickbacks purportedly was subjected to a virtually identical series of unnecessary, illusory, or otherwise unreimbursable psychological services, which then were billed to GEICO. Id., passim.

11. What is more, GEICO alleged that the Former PC Defendants were not entitled to bill GEICO for most of the psychological services in the first instance. This is because most of the psychological services were provided – to the extent that they were provided at all – by Defendants Mickaelle Dougherty, Ph.D. ("Dougherty") and Ernest Bonaparte, Ph.D. ("Bonaparte")(collectively the "Treating Defendants"), and former Defendants Frances Mendelsohn, Ph.D. ("Mendelsohn"), Yevgeniy Margulies, Ph.D. ("Margulies"), Walter Spear, Ph.D. ("Spear"), Dijana Blacic, Ph.D. ("Blacic"), Kenneth Diamond, Ph.D. ("Diamond"), and Richard Mays, Ph.D. ("Mays")(collectively the "Former Treating Defendants"), who were independent contractors, rather than employees of the Former PC Defendants. Id. at ¶¶ 77-87.

12. Based on these allegations, GEICO asserted various claims against the Former PC Defendants, Grinberg, Braun, the Treating Defendants, and the Former Treating Defendants for violation of the civil RICO statute, common law fraud, and unjust enrichment. Id. at ¶¶ 108-209.

Through these affirmative claims, GEICO sought to recover more than $2,100,000.00 that the Former PC Defendants and their co-Defendants already stole through their fraudulent billing. Id.

13. In addition to the more than $2,100,000.00 that the PC Defendants already stole through their fraudulent billing, GEICO alleged that the Former PC Defendants and their co-Defendants submitted at least $7,800,000.00 in additional, pending fraudulent billing that remained outstanding and unpaid. Id. at ¶¶ 2, 101-107. Based on these allegations, GEICO sought a declaratory judgment against the Former PC Defendants, to the effect that GEICO was not liable on these pending, fraudulent no-fault insurance claims. Id.

14. After it commenced this action, GEICO reached confidential settlement agreements with the Former PC Defendants, the Former Treating Defendants, and Braun, leaving only Grinberg and the Treating Defendants as Defendants in the case. See Docket Nos. 54-56, 117, 125, 141.

15. GEICO has requested Grinberg's consent to the proposed Amended Complaint, but Grinberg has not consented. GEICO has been unable to request the consent of the Treating Defendants because they have defaulted in this action.

## II.   The Basis for the Proposed Amendments

16. After GEICO filed the original Complaint, discovery uncovered evidence supporting the original allegations, and also provided information indicating that the scheme was more elaborate than previously believed.

17. In particular, GEICO obtained information in discovery which provides a basis to allege that – although All Boro and Five Boro nominally were owned on paper by Braun – in actuality All Boro and Five Boro were secretly and unlawfully owned and controlled by Grinberg and his wife, Olga Grinberg ("O. Grinberg"), who are not licensed psychologists.

4

18. Moreover, GEICO obtained information which provides a basis to allege that Five Boro PLLC – though nominally owned on paper by Grinberg and Braun – actually was secretly and unlawfully owned and controlled, at least in part, by O. Grinberg, who is not licensed as a psychologist or social worker.

19. In particular, GEICO obtained the Former PC Defendants' financial records, which indicated that large sums of money were withdrawn from the Former PC Defendants' bank account in untraceable cash and – concomitantly – large sums of money were paid over from the Former PC Defendants' bank accounts to O. Grinberg in checks structured to be less than $10,000.00 apiece, apparently in an attempt to avoid financial reporting requirements. See Docket Nos. 100-102.

20. Furthermore, Grinberg was indicted for his involvement in the events giving rise to this action, and pleaded guilty during the pendency of this lawsuit. Specifically, on February 28, 2012, in USA v. Zemlyansky, et al., S.D.N.Y. Docket No. 1:12-cr-00171 (JPO), Grinberg was indicted in the United States District Court for the Southern District of New York. Thereafter, on May 21, 2013, a superseding indictment was filed, charging Grinberg with conspiracy to commit healthcare fraud, conspiracy to commit mail fraud, and conspiracy to commit money laundering in connection with his activities at the Former PC Defendants.

21. On or about June 26, 2013, Grinberg pleaded guilty to – among other things – conspiracy to commit healthcare fraud and conspiracy to commit money laundering in connection with his ownership and control of the Former PC Defendants. In connection with his guilty plea, Grinberg admitted facts indicating that he secretly and unlawfully owned and controlled All Boro and Five Boro. For instance, in the October 22, 2013 sentencing memorandum that he submitted in the Zemlyansky action, Grinberg essentially admitted that he owned All Boro and Five Boro

5

with Braun, despite the fact that, unlike Braun, Grinberg is not a licensed psychologist and therefore could not legally own All Boro or Five Boro, which are psychology professional corporations. A copy of the sentencing memorandum is annexed hereto as Exhibit "B".

22. Accordingly, GEICO has a basis to allege that Grinberg and O. Grinberg secretly and unlawfully owned and controlled the Former PC Defendants. By extension, GEICO has a basis to allege that the billing Grinberg and O. Grinberg submitted or caused to be submitted through the Former PC Defendants not only was fraudulent for the reasons discussed in the current Complaint, but also misrepresented the Former PC Defendants' corporate legitimacy and eligibility to seek or collect no-fault insurance benefits in the first instance.

Dated:   Uniondale, New York
         April 11, 2014

                                               /s/ Max Gershenoff
                                            Max Gershenoff (MG 4648)

6