```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL         ORDER ADOPTING REPORT
INSURANCE COMPANY, and GEICO CASUALTY      AND RECOMMENDATION
CO.,

                     Plaintiffs,           12-CV-2448 (KAM)(VMS)

     -against-

VLADIMIR GRINBERG, PHD MICKAELLE
DOUGHERTY, PHD ERNEST BONAPARTE, and
OLGA GRINBERG,

                     Defendants.

----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs") commenced this action on May 15, 2012, alleging that defendants violated of various federal and state laws, including the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), and New York State common law fraud and unjust enrichment. (ECF No. 1.) Plaintiffs have settled or dismissed claims against all defendants. Currently pending before the court is a dispute over attorney's fees between now *pro se* defendant Vladimir Grinberg ("Mr. Grinberg") and his former attorney, Norman Pattis ("Mr. Pattis") (the "parties"). (ECF No. 189.)

On March 2, 2016, Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the court[1] decline to exercise ancillary jurisdiction over the parties' fee dispute. (ECF No. 217.)  The R&R notified the parties that any objections must be filed by March 16, 2016, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).  (R&R at 11.)  Judge Scanlon noted that a copy of the R&R was served upon Mr. Grinberg via United States mail on March 2, 2016.  (*Id.*)  The statutory period for filing objections has now expired, and no objections to Judge Scanlon's R&R have been filed.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ."  28 U.S.C. § 636(b)(1)(C).  However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The court has nonetheless conducted a *de novo* review of Judge Scanlon's Report and Recommendation.

---

[1] This case was reassigned to Judge Matsumoto from Judge Gleeson on March 10, 2016.

Upon *de novo* review, the court adopts Judge Scanlon's cogent and thorough analysis and recommendations, and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. "It is well settled that a federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action." *Levitt v. Brooks*, 669 F.3d 100, 103 (2d Cir. 2012) (quoting *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 64 (2d Cir. 1991)). "[S]everal non-exhaustive factors [that] can weigh in favor of exercising ancillary jurisdiction" over a fee dispute include "(1) familiarity with the subject matter of the suit, especially with the amount and quality of work performed by the attorneys; (2) a court's responsibility to protect officers of the court in such matters as fee disputes; (3) the convenience of the Parties; and (4) judicial economy." *Id*. at 104.

As Judge Scanlon discusses in greater detail in her Report and Recommendation, this court is largely unfamiliar with the subject matter of Mr. Grinberg's criminal prosecution in the United States District Court for the Southern District of New York. Weighing the second factor, Mr. Pattis asks the court not to retain jurisdiction over the fee dispute, thus the interests of the attorney-officer of the court weighs against ancillary jurisdiction. The court also finds that the third and fourth

factors—convenience of the parties and judicial economy—do not weigh in favor of, or against, ancillary jurisdiction. Consequently, the court declines to exercise ancillary jurisdiction over the parties' fee dispute.  The court notes that Judge Scanlon's R&R at footnote five advises the parties of a New York State court system fee dispute resolution program.

    The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:   March 24, 2016
           Brooklyn, New York

                                       _____  \_\_\_/s/_____
                                       Kiyo A. Matsumoto
                                       United States District Judge